Herman Tracy CLARK, Plaintiff–
Appellant,

v.

Michael T. OAKLEY; Oklahoma
Department of Corrections,
Defendants–Appellees.

No. 13–6050.

United States Court of Appeals,
Tenth Circuit.

July 10, 2013.

Herman Tracy Clark, Lexington, OK,
pro se.

Stefanie Erin Lawson, Office of the At-
torney General for the State of Oklahoma,
Oklahoma City, OK, for Defendant–Appel-
lee.

Before TYMKOVICH, ANDERSON,
and BACHARACH, Circuit Judges.

**ORDER AND JUDGMENT***

ROBERT E. BACHARACH, Circuit
Judge.

Pro se plaintiff Herman T. Clark ap-
peals the district court's denial of his mo-
tion to reopen the time to appeal under
FED. R.APP. P. 4(6). But no such rule
exists. Because Mr. Clark was pro se, the
district court liberally tried to figure out
what he meant. Thinking he meant to
invoke FED. R.APP. P. 4(a)(5), the court
viewed the motion as late. We respectful-
ly think Mr. Clark meant to invoke a dif-
ferent rule: FED. R.APP. P. 4(a)(6). Thus,
we remand for consideration of Mr.
Clark's motion under Rule 4(a)(6).

* This order and judgment is not binding prece-
dent except under the doctrines of law of the
case, res judicata, and collateral estoppel.

I. *Mr. Clark's Suit, the Dismissal, and
the Aftermath*

Mr. Clark sued the Oklahoma Depart-
ment of Corrections and Michael Oakley,
and the district court ordered dismissal on
August 21, 2012. R. 226–27. The court
clerk's office mailed a copy of the order
and the judgment to Mr. Clark, but the
documents were returned as undeliverable.
*Id.* at 5. Although Mr. Clark submitted a
change of address form in early Septem-
ber 2012, he claims he did not receive a
copy of the dismissal until January 10,
2013. *Id.*

Twelve days later and fewer than 180
days after the judgment, Mr. Clark filed a
motion entitled "Motion to Reopen the
Time to File an Appeal." *Id.* at 229. In
doing so, he cited "Rule 4(6)." *Id.* The
district court construed his motion as a
request for additional time under FED.
R.APP. P. 4(a)(5) and denied it as untimely.
*Id.* at 232–33.

Mr. Clark then appealed the underlying
judgment to this Court. *Id.* at 6. Because
Mr. Clark did not challenge the denial of
his motion to reopen the appeal deadline,
we dismissed the initial appeal on timeli-
ness grounds. *Clark v. Oakley,* No. 13–
6024 (10th Cir. Feb. 15, 2013). This dis-
missal led Mr. Clark to appeal again, this
time for the denial of his motion to reopen
his time to appeal.

II. *The Denial of Mr. Clark's Motion to
Reopen Time to Appeal*

In reviewing the denial of a motion to
reopen the time to file an appeal, we re-
verse only if the district court has abused
its discretion. *Ogden v. San Juan County,*
32 F.3d 452, 455 (10th Cir.1994).

But this order and judgment may be cited for
its persuasive value under the terms of FED.
R.APP. 32.1 and 10TH CIR. R. 32.1.

Because Mr. Clark was proceeding pro se, the district court had to liberally construe his motion. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). In doing so, the district court construed the "Motion to Reopen the Time to File an Appeal" as a request for additional time to appeal under FED. R.APP. P. 4(a)(5).[1] Because Mr. Clark filed the motion more than 30 days after his right to appeal had expired, the court found it lacked "authority to grant the requested extension" under Rule 4(a)(5). R. 233. This statement of the law was correct.

But we do not think Mr. Clark was trying to invoke this rule. He referred instead to "Rule 4(6)." *Id.* at 229. Though no such rule exists, there is a Rule 4(a)(6). And the title for this rule ("Reopening the Time to File an Appeal") matches the title of Mr. Clark's motion ("Motion to Reopen the Time to File an Appeal"). We think Mr. Clark was trying to invoke this rule rather than Rule 4(a)(5). As a result, we respectfully conclude that the district court was obligated to interpret the motion as one under Rule 4(a)(6).

Under Rule 4(a)(6), the district court would have had discretion to reopen Mr. Clark's time to appeal. FED. R.APP. P. 4(a)(6); *see* 28 U.S.C. § 2107(c) (2006). Under this rule, his motion may have been timely because the judgment had been entered within 180 days and he states that he had received the order only 12 days earlier. R. 229. Thus, the district court would have had discretion to reopen the appeal deadline if it found that: (1) Mr. Clark did not receive notice of the judgment until January 10, 2013, and (2) reopening would not prejudice the defendants. *See* 28 U.S.C. § 2107(c) (2006); FED. R.APP. P. 4(a)(6). In these circumstances, we think

the district court should have considered the motion under Rule 4(a)(6) rather than Rule 4(a)(5).

### III. *Conclusion*

We vacate the district court's denial of Mr. Clark's motion to reopen the time to file an appeal and remand with instructions to reconsider Mr. Clark's motion under FED. R.APP. P. 4(a)(6). *See* 28 U.S.C. § 2107(c) (2006).

---

1. FED. R.APP. P. 4(a)(5) states in part: "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after [the right to appeal] expires; and (ii) . . . that party shows excusable neglect or good cause."